UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DOSHIA MARIE BANKS,

Debtor/Appellant,

v.

Case No. 25-cv-11986
Hon. Matthew F. Leitman

VMC REO, LLC,

Creditor/Appellee.

______________________________________________________________/

**ORDER DISMISSING APPEAL AS MOOT**

On May 19, 2025, Doshia Banks filed a Chapter 13 bankruptcy petition. (*See In Re Banks*, U.S. Bankruptcy Ct. E.D. Mich. Case No. 25-45106, Dkt. No. 1.) That filing triggered an automatic stay of, among other things, an eviction action that Appellee VMC REO, LLC ("VMC") had filed with respect to real property in which Banks appeared to be living. VMC promptly filed a motion for relief from the automatic stay, (*see* Mot., Bktcy. Ct. Dkt. No. 15), and the Bankruptcy Court thereafter entered an order granting that relief. (*See* Order, Bktcy. Ct. Dkt. No. 78.) The Bankruptcy Court then entered an Amended Order lifting the stay. (*See* Order, Bktcy. Ct. Dkt. No. 89.) Finally, the Bankruptcy Court later entered a separate order dismissing Banks' petition. (*See* Order, Bktcy. Ct. Dkt. No. 112.)

On July 1, 2025, Banks filed a Notice of Appeal. (*See* ECF No. 1.) In that notice, Banks says that she is "appeal[ing] from" the Amended Order lifting the stay. (*Id*., PageID.2.) She does not say that she is appealing from the dismissal order. (*See id*.)

The Court will dismiss the appeal because – since Banks appealed only the lifting of the automatic stay and did not appeal the dismissal order – it is moot. As explained by Judge Laurie J. Michelson in a nearly identical case with the same appellant:

> II.
>
> Mootness implicates a federal court's jurisdiction. In a bankruptcy appeal, mootness "involves equitable considerations as well as the requirement of Article III of the Constitution that there be a live case or controversy." *Bartel v. Bar Harbor Airways, Inc*., 196 B.R. 268, 272 (S.D.N.Y. 1996) (internal quotations omitted). The constitutional "test for mootness is whether the relief sought would, if granted, make a difference to the legal interest of the parties." *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010) (quoting *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (internal quotations omitted)). In bankruptcy proceedings, "[a]n appeal is also moot when 'even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.'" *Bartel*, 196 B.R. at 272 (quoting *In re Best Products Co., Inc*., 68 F.3d at 30).
>
> III.
>
> The automatic stay does not survive the dismissal of a bankruptcy petition. *See In re Garnett*, 303 B.R. 274, 278 (Bankr. S.D.N.Y. 2003). "[D]ismissal of the bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay." *Id*. Once a bankruptcy petition has been dismissed, the debtor cannot challenge the decision to lift the automatic stay if they do not also challenge the dismissal of the bankruptcy petition itself. *See, e.g., In re Omoto*, 85 B.R. 98, 100 (9th Cir. BAP 1988) ("When the

> underlying case is dismissed, the issue of whether the court should have approved the foreclosure sale is rendered moot because there is no longer an attempt to pursue a Chapter 13 plan. There is, therefore, no reason to restrain the creditor's right to foreclose."); *In re Income Property Builders, Inc*., 699 F.2d 963, 964 (9th Cir. 1982); *In re Robenson*, No. 88 C 5937, 1991 U.S. Dist. LEXIS 18547, at *11 (N.D. Ill. Dec. 12, 1991).
>
> *In re Income Property Builders, Inc*., is directly on point. There, a creditor moved to lift the automatic stay. The bankruptcy court did so, and later dismissed the bankruptcy petition. After learning that the stay had been lifted, a second creditor appealed the bankruptcy court's decision to lift the stay, but did not appeal the dismissal of the petition. The Ninth Circuit reasoned that "the automatic stay . . . was dependent upon the operation of the bankruptcy law and that law was pertinent only because of the existence of the proceeding in bankruptcy." 699 F.2d at 964. And "[o]nce the bankruptcy was dismissed, a bankruptcy court no longer has power to order the stay . . . ." *Id*. So because the second creditor did not challenge the dismissal of the underlying petition, the Ninth Circuit concluded it lacked the power to restore the bankruptcy proceeding. 699 F.2d at 964. Therefore, an appeal challenging only the lifting of the stay was moot. *Id*.
>
> The same is true in Banks' case. On appeal, Banks does not challenge the Bankruptcy Court's dismissal of her petition. So, as in *Income Property Builders*, the Court has no power to restore the bankruptcy proceeding and therefore no power to order the automatic stay. In other words, the Court has no power to make a difference to Banks' interest.
>
> Her appeal is moot.

*In re Banks*, No. 17-11968, 2018 WL 1088072, at *2-3 (E.D. Mich. Feb. 26, 2018).

The reasoning of *In re Banks* applies with equal force to the facts of this case.

Therefore, Banks' appeal (ECF No. 1) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126